DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas which found defendant-appellant, Jerry Foks, to be a sexual predator pursuant to R.C. 2950.09. For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} On May 31, 2005, appellant was indicted and charged with 13 sexual offenses as a result of his actions against two minors between October 1999 and April 2005. The minors were brothers whose mother had, upon the recommendation of a friend, asked appellant to mentor her sons and provide a positive male roll model for them. The brothers spent a great deal of time with appellant over an approximately five year period. In May 2005, however, the brothers reported to their mother that appellant had had repeated sexual contact with them. Specifically, appellant was charged with two counts of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(1) and (5), second and fourth degree felonies; two counts of disseminating matter harmful to juveniles in violation of R.C. 2907.31(A)(1) and (D), fifth degree felonies; five counts of rape in violation of R.C.2907.02(A)(1)(b), first degree felonies; three counts of unlawful sexual contact with a minor, in violation of R.C. 2907.04(A) and (B)(3), third degree felonies; and an additional count of rape in violation of R.C.2907.02(A)(2), a first degree felony. Appellant initially entered not guilty pleas to all charges, but on August 9, 2005, in open court, appellant withdrew his not guilty pleas and entered pleas of no contest to Counts 3 and 4, disseminating matter harmful to juveniles, Count 5, rape, Count 11, unlawful sexual conduct with a minor, Count 12, unlawful sexual conduct with a minor, and Count 13, rape. In exchange for appellant's plea, the state agreed to recommend a nolle prosequi on the remaining counts of the indictment and to recommend at sentencing that the terms on Counts 3, 4 and 12 run concurrent to the terms on Counts 5, 11 and 13. The court accepted the plea, found appellant guilty of the stated charges and referred the matter for a presentence investigation and report and for a sexual offender classification evaluation.
 {¶ 3} On October 11, 2005, the case came before the lower court for a sexual offender classification hearing. Charlene Cassel, PhD, a psychologist with the Court Diagnostic and Treatment Center ("CDTC"), was called by the state and testified with regard to her evaluation of appellant. She concluded that appellant presented a very high risk of recidivism and should be classified as a sexual predator. Jeffrey Smalldon, PhD, also a psychologist, was called by appellant and testified with regard to his evaluation of appellant. He determined that appellant presented a low risk of recidivism. The reports prepared by both witnesses were admitted into evidence as were miscellaneous court documents, including the indictment and police reports regarding the offenses. On October 12, 2005, the proceeding resumed at which time the lower court determined appellant to be a sexual predator. While the court acknowledged the psychologists' differing conclusions, the court further noted that the witnesses were more in agreement than disagreement with respect to factors which the court found to be of importance. In particular, the court noted the young age of the victims (the abuse began when the older victim was 13 and the younger victim was 8), the fact that the abuse took place over an extended period of time, the fact that there were multiple victims, the pattern of abuse, appellant's hesitancy to appreciate the criminal nature of his behavior, that as a mentor appellant had a duty to set a correct example and not take advantage of the victims for his own sexual gratification, and that as a mentor appellant used his influence and position to promote an unlawful scheme. The court also noted that appellant had maintained a library of thousands of photographs and video clips of child pornography and that appellant was in the habit of downloading child pornography and viewing it with his victims. The court viewed this as compulsive, even addictive, misbehavior. In addition, the court noted appellant's lack of adult contact and relationships and was particularly concerned with appellant's continued remarks that the boys were willing participants. The court then found by clear and convincing evidence, based on the factors in R.C. 2950.09(B), that appellant is a sexual predator.
 {¶ 4} In his sole assignment of error, appellant asserts that the trial court's determination that he is a sexual predator was not supported by clear and convincing evidence and was against the manifest weight of the evidence.
 {¶ 5} A sexual predator is defined by R.C. 2950.01(E)(1) as a "person [who] has been convicted of or pleaded guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Rape and unlawful sexual contact with a minor are sexually oriented offenses that are not registration exempt. See R.C.2950.01(D), (P) and (Q). In determining whether a person who has been convicted of a sexually oriented offense is a sexual predator, a trial court must conduct a hearing in the manner described in R.C.2950.09(B)(1). R.C. 2950.09(B)(3) then sets out the statutory factors that the court must consider in determining whether an offender is a sexual predator. That section provides:
 {¶ 6} "In making a determination under divisions (B)(1) and (4) of this section as to whether an offender or delinquent child is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 7} "(a) The offender's or delinquent child's age;
 {¶ 8} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 9} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 10} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 11} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 12} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 13} "(g) Any mental illness or disability of the offender or delinquent child;
 {¶ 14} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 15} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 16} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 17} A trial court need not find all or even a majority of the factors listed in R.C. 2950.09(B)(3) in order to classify an offender as a sexual predator. State v. Whitson (Apr. 7, 2000), 6th Dist. No. WD-99-034. However, a trial court's determination that an offender is a sexual predator must be supported by clear and convincing evidence, R.C.2950.09(B)(4), and it is the state's burden to establish such proof.State v. Eppinger (2001), 91 Ohio St.3d 158, 163. Clear and convincing evidence is "that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v.Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 18} In the present case, the lower court reviewed the underlying facts of the offenses, the presentence investigation report, various exhibits that were part of the record, the written reports of the psychologists who evaluated appellant and the testimony of those psychologists. The information presented to the court from the psychologists, through their testimony and reports, was as follows.
 {¶ 19} Dr. Cassel based her assessment of appellant on appellant's history, with an emphasis on his sexual history, and appellant's performance on two evaluation instruments, the Minnesota Multiphasic Inventory 2 ("MMPI-2") and the STATIC-99. Appellant's history was self-reported during a two and one-half hour interview with Cassel. At the time of the interview, appellant was 42 years old, although during the time that the sexual offenses took place, he was between 36 and 41 years old. Because a civil suit was underway, appellant reported to Cassel that his attorney requested that he not go into detail about the offenses themselves, although he did provide Cassel with a description of the events as he saw them that led up to the criminal charges. Appellant reported that he likes to work on cars and that the older victim, who was 12 or 13 at the time, would come by to watch him work. They started up a conversation that evolved into a relationship in which appellant saw himself as a mentor or father figure. Eventually, the older victim brought along his younger brother, who was then 8 or 9, and the boys' mother encouraged the relationship. Appellant, however, had described the boys as "sexualized" and indicated that he felt he was part of the boys' peer group. He told Cassel that initially when he was alone with the older victim, their wrestling degenerated into inappropriate behavior. Eventually, however, the older victim became more interested in girls and his peers and reduced the frequency of his visits with appellant. Appellant then began spending more time with the younger victim. Appellant assumed that the younger victim would also eventually become interested in girls and friends and the behavior would then stop.
 {¶ 20} Regarding appellant's sexual history, appellant reported that he was sexually molested by an older boy when he was a child, although Cassel did not see that as being a significant finding in terms of risk of recidivism. More significant, Cassel testified, was appellant's lack of any long-term adult sexual relationship. Although appellant reported to having had some sexual experiences with adult women, he has never been in a long-term relationship.
 {¶ 21} Finally, with regard to the evaluation instruments, the MMPI-2 showed no signs or symptoms of serious mental disturbance and the STATIC-99 placed him in the moderate/ low risk category in terms of likelihood to reoffend. Nevertheless, Cassel concluded that based on all of the information available, appellant was more likely to reoffend. She based her opinion most particularly on the fact that appellant "groomed" the victims by giving them things their family could not afford and then put the responsibility for stopping the offending behavior on the victims. Cassel was also concerned with appellant's inability to establish any long-term relationships with adults, either women or men.
 {¶ 22} Dr. Smalldon also evaluated appellant, submitted a report to the court and testified at the hearing below. Although Smalldon noted a number of the same personality factors discussed by Cassel, and discussed similar facts of the case, Smalldon had appellant complete additional evaluation instruments. In addition, appellant's attorney allowed him to be more forthright in his discussions with Smalldon. After considering all of the information before him, Smalldon concluded that the likelihood of appellant reoffending was very low. In particular, Smalldon noted that appellant was extremely remorseful, expressed an acute awareness of the seriousness of his offending behavior and had accepted responsibility for his actions.
 {¶ 23} Appellant asserts that the trial court's conclusion that appellant is a sexual predator is not supported by clear and convincing evidence. Appellant contends that because Dr. Smalldon's evaluation of him was more thorough and because Dr. Smalldon is board certified in forensic psychology, his conclusion that appellant was not likely to reoffend should have been given more weight. We disagree. Although the experts differed in their conclusions as to whether appellant was likely to reoffend, they agreed on a number of issues as the trial court noted. As is clear from the trial court's determination at the October 12, 2005 hearing, the court thoroughly evaluated all of the evidence before it in light of the factors set forth in R.C. 2950.09(B)(3). It was the trial court's prerogative to determine the weight to be afforded the evidence before it. Upon a review of the record, we find that there was clear and convincing evidence to support the trial court's determination that appellant is a sexual predator and the sole assignment of error is not well-taken.
 {¶ 24} On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J.
Mark L. Pietrykowski, P.J.
Arlene Singer, J.
CONCUR.